## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

ROGER FOY JENKINS,

                Petitioner,

v.                                        CIVIL ACTION NO.  5:10-cv-00838

DAVID A. BERKEBILE,

                Respondent.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed Petitioner's Petition For Writ of Habeas Corpus Pursuant to Title 28, United States Code, Section 2241 [Docket 1].  On March 2, 2011, the Court entered an Order declining to rule on Petitioner's Petition and directing Respondent to file a limited response addressing Petitioner's allegations.  On May 18, 2011, the Court granted Respondent's motion for extension of time to respond, and on May 31, 2011, he so responded.

The facts and background of this matter are set forth in the Court's previous order. Essentially, Petitioner alleges that the Bureau of Prisons ("BOP") violated his rights by denying him a one year credit toward his prison sentence for the completion of a residential drug abuse program ("RDAP").  Petitioner failed to complete the RDAP because he failed a urinary analysis days before his release from the facility.  He maintains that he did not ingest drugs. He further states that the staff member conducting the analysis did not wear gloves during the test and that he used an open, unsealed container.  Lastly, he asserts  that a second urinary analysis conducted days later was negative but not considered exculpatory evidence in his disciplinary hearing.  He alleges in his

Petition that the foregoing conduct of the BOP amounts to violations of his due process rights and a deprivation of his liberty interests. The Court notes that there is no indication that Petitioner attempted to challenge the outcome of his disciplinary hearing.

Respondent indicates that while housed at the Oklahoma Halfway House, Inc., Petitioner was charged with a violation of prohibited act Code 112, Use of any Narcotics, Marijuana, Drugs or Related Paraphernalia not Prescribed for the Individual by Medical Staff, for which an incident report was prepared. (Resp. 2-3.) The incident report indicated that on April 29, 2010, Petitioner tested positive for opiates, and the result was confirmed as "Total Morphine." (Resp. 3.) Respondent attached to his response an affidavit of the program aide who administered the test, which states that he conducted Petitioner's test using gloves and a sealed, unopened container. (Ex. 1-1.) Respondent states in his response that after the test, Petitioner signed the certification form, "certifying that the specimen accompanying the form was his own, that he provided it to the collector, that the specimen was sealed in his presence, and that the information on the form and label were correct." (Resp. 8.) Respondent asserts that a second urinary analysis was taken on May 2, 2010, which did not test positive for opiates. (Resp. 9.) However, Respondent contends that this second test does not demonstrate that the first test was contaminated, nor does it exonerate Petitioner from the use of drugs because the opiates from the first test could have left his system by the time of the second test. (Resp. 9-10.) Respondent further contends that proper procedures were followed throughout Petitioner's disciplinary hearing, and thus, Petitioner received the rights afforded to him pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974).

On June 21, 2011, Petitioner filed a Declaration repeating that the administrator of his urinalysis did not wear gloves and he used an open container, and that his second drug test proved

he did not use drugs.  However, he pointed to no evidence refuting the Respondent's assertions and evidence.  He failed to respond to Respondent's assertions that he had the opportunity to object to the procedure directly after the first urinary test was administered, but signed the certification form, and instead of complaining of these procedural deficiencies at his disciplinary hearing, he did so for the first time in his petition for habeas corpus relief.  It is evident from the Respondent's response that Petitioner's second urinary screen, which was negative for opiates, had no bearing on his termination from the program or the results of his disciplinary hearing.

Based on Petitioner's allegations and the evidence presented by both parties, the Court finds that Petitioner has not asserted a protected liberty interest in the early release from his sentence or a deprivation of his due process rights.  Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation [Docket 6]. The Court **ORDERS** that Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 1] be **DISMISSED**. The Court further **ORDERS** that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        August 4, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3